UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DERRICK CHAPMAN,

       Plaintiff,       13CV4748(SJ)(JO)

  - against -

                AMENDED COMPLAINT AND
THE CITY OF NEW YORK, DANIEL RUSSELL,  DEMAND FOR JURY TRIAL
BRIAN MARTIN, JAMES WALSH, ZOLTAN
DOBROSSY, VINCENT TIERNAN and ANGELO  ECF CASE
CUOZZO , Individually and in Their Official
Capacities,

       Defendants
-----------------------------------------------------------------x

  Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

  1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Derrick Chapman by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the Constitution and the laws of the State of New York.

  2. Plaintiff Derrick Chapman is a citizen of the United States who, on May 30, 2012, was lawfully present on the sidewalk on Broadway, between Marion Street and Stone Avenue, in Brooklyn, New York, when he was stopped by defendants Brian Martin and James Walsh, searched, arrested him on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree based on one-half of an Oxycodone tablet found in the plaintiff's pocket, handcuffed, transported by defendants Zoltan Dobrosssy and Vincent Tiernan to the 73rd Precinct in the rear of an un-airconditioned and unventilated van under sweatbox-like conditions, imprisoned

at the 73rd Precinct by defendant Angelo Cuozzo despite the fact that a friend of the plaintiff brought proof of his prescription for the Oxycodone to the precinct, and transported to Brooklyn Central Booking, where he continued to be imprisoned until May 31, 2012, when he was arraigned on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree and released on his own recognizance in a criminal proceeding instituted by defendant Daniel Russell, acting on behalf of defendants Brian Martin and Angelo Cuozzo. On October 23, 2012, the criminal proceeding against the plaintiff was dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Derrick Chapman's constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendants Daniel Russell, Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan and Angelo Cuozzo can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Derrick Chapman is an African-American citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Daniel Russell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Daniel Russell was acting within the scope of his employment by defendant The City of New York.

11. Defendant Brian Martin is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Brian Martin was acting within the scope of his employment by defendant The City of New York.

13. Defendant James Walsh is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant James Walsh was acting within the scope of his employment by defendant The City of New York.

15. Defendant Zoltan Dobrossy is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Zoltan Dobrossy was acting within the scope of his employment by defendant The City of New York.

17. Defendant Vincent Tiernan is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Vincent Tiernan was acting within the scope of his employment by defendant The City of New York.

19. Defendant Angelo Cuozzo is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant Angelo Cuozzo was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

21. On April 18, 2013, plaintiff Derrick Chapman served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

22. Plaintiff Derrick Chapman's motion to extend his time to file a Notice of Claim for his claims herein was granted by an order of New York Supreme Court Justice Johnny Lee Baynes dated the 17th day of July, 2013, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

23. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this complaint as though the same were set forth fully herein.

25. On May 30, 2012, plaintiff Derrick Chapman was lawfully present on the sidewalk

on Broadway, between Marion Street and Stone Avenue, in the Borough of Brooklyn, in the City and State of New York.

26. At the above time and place, defendants Brian Martin and James Walsh stopped plaintiff Derrick Chapman and asked him what was in his pocket.

27. Upon information and belief, defendants Brian Martin and James Walsh stopped plaintiff Derrick Chapman because the plaintiff is black.

28. Plaintiff Derrick Chapman did not have anything on his person or in his pockets which would make a bulge which could be perceived to be a weapon.

29. One of the individual defendants proceeded to search plaintiff Derrick Chapman and removed everything from the plaintiff's pockets.

30. Defendants Brian Martin and James Walsh did not have a warrant authorizing the stop, seizure or search of plaintiff Derrick Chapman.

31. One of the individual defendants removed half an Oxycodone pill from plaintiff Derrick Chapman's pocket.

32. Plaintiff Derrick Chapman informed defendants Brian Martin and James Walsh that the half pill of Oxycodone was a medication for which the plaintiff had a prescription.

33. Nevertheless, defendants Brian Martin and James Walsh arrested plaintiff Derrick Chapman on a false criminal charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

34. Plaintiff Derrick Chapman was not unlawfully in possession of a controlled substance.

35. Defendants Brian Martin and James Walsh did not have a warrant or other legal process authorizing the arrest of plaintiff Derrick Chapman.

36. One of the individual defendants handcuffed plaintiff Derrick Chapman.

37. Defendants Brian Martin, James Walsh, Zoltan Dobrossy and/or Vincent Tiernan then placed plaintiff Derrick Chapman in the rear of a police van.

38. Shortly after plaintiff Derrick Chapman was placed in the rear of the police van, the air conditioning in the rear of the van was turned off.

39. Defendants Zoltan Dobrossy and Vincent Tiernan drove the plaintiff around in the un-air conditioned van for an extended period under stifling conditions..

40. Defendants Zoltan Dobrossy and Vincent Tiernan transported plaintiff Derrick Chapman to the 73rd Precinct, where plaintiff Derrick Chapman was imprisoned.

41. While plaintiff Derrick Chapman was imprisoned in the 73rd Precinct, a friend of the plaintiff brought the plaintiff's prescription bottle for Oxycodone to the precinct and displayed the prescription bottle to defendant Brian Martin, defendant James Walsh and/or defendant Angelo Cuozzo.

42. Plaintiff Derrick Chapman subsequently was transported to Brooklyn Central Booking, where he continued to be imprisoned.

43. On information and belief, on May 31, 2012, defendant Brian Martin, defendant James Walsh, defendant Angelo Cuozzo or and/or defendant Daniel Russell falsely informed an Assistant District Attorney in the office of the Kings County District Attorney that plaintiff Derrick Chapman was unlawfully in possession of Oxycodone.

44. On information and belief, defendant Brian Martin, defendant James Walsh, defendant Angelo Cuozzo and/or defendant Daniel Russell failed to inform the Assistant District Attorney in the office of the Kings County District Attorney that he had seen a prescription for Oxycodone which had been issued to the plaintiff.

45. On May 31, 2012, defendant Daniel Russell signed a Criminal Court complaint instituting a criminal proceeding against plaintiff Derrick Chapman in the Criminal Court of the City of New York, County of Kings, under Docket No. 2012KN044184, accusing the plaintiff of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

46. Upon information and belief, defendant Daniel Russell was acting on the instructions of defendant Brian Martin and/or defendant Angelo Cuozzo when he signed a Criminal Court complaint instituting a criminal proceeding against plaintiff Derrick Chapman.

47. On May 31, 2012, plaintiff Derrick Chapman was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, and was released on his own recognizance.

48. On October 23, 2012, the criminal charge brought by defendant Daniel Russell against plaintiff Derrick Chapman was dismissed on the motion of the District Attorney.

49. The criminal charge brought by defendant Daniel Russell against plaintiff Derrick Chapman was dismissed on the motion of the District Attorney because the plaintiff had a prescription for the Oxycodone.

## COUNT ONE
## UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. §1983

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. Defendants Brian Martin and James Walsh lacked a reasonable suspicion that plaintiff Derrick Chapman had engaged in, was engaged in, or was about to engage in criminal activity.

52. Defendants Brian Martin and James Walsh lacked a reasonable belief that plaintiff

Derrick Chapman had a weapon concealed on his person.

53. Defendants Brian Martin and James Walsh stopped and searched plaintiff Derrick Chapman on May 30, 2012 because of his race.

54. The stop and search of plaintiff Derrick Chapman by defendants Brian Martin and James Walsh on May 30, 2012, violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the Untied States.

55. Defendants Brian Martin and James Walsh were acting under color of state law when they stopped and searched plaintiff Derrick Chapman on May 30, 2012.

56. Defendants Brian Martin and James Walsh deprived plaintiff Derrick Chapman of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by stopping and searching plaintiff Derrick Chapman.

## COUNT TWO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though the same were set forth fully herein.

58. The seizure, arrest, and imprisonment of plaintiff Derrick Chapman on May 30, 2012, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

59. The charge upon which defendants Brian Martin and James Walsh arrested plaintiff

Derrick Chapman was false.

60. The charge was made by defendants Brian Martin and James Walsh against plaintiff Derrick Chapman with knowledge that it was false.

61. Plaintiff Derrick Chapman was aware of his seizure, arrest, and imprisonment by defendants Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan and Angelo Cuozzo.

62. Plaintiff Derrick Chapman did not consent to his seizure, arrest or imprisonment.

63. As a result of the foregoing, plaintiff Derrick Chapman was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

64. The seizure, arrest and imprisonment of plaintiff Derrick Chapman on May 30, 2012, deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

65. Defendants Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan and Angelo Cuozzo were acting under color of state law when they seized, arrested and imprisoned plaintiff Derrick Chapman on May 30, 2012.

66. Defendants Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan and Angelo Cuozzo deprived plaintiff Derrick Chapman of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Derrick Chapman on a false criminal charge.

## COUNT THREE
## UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

67. Plaintiffs incorporate by reference paragraphs 1 through 66 of this complaint as though the same were set forth fully herein.

68. Defendants Brian Martin, James Walsh, Zoltan Dobrossy and Vincent Tiernan unnecessarily detained plaintiff Derrick Chapman in the unairconditioned, unventilated rear of a police van on a hot May day and drove him around for an extended period of time while they made other arrests instead of taking him directly to the 73rd Precinct.

69. The transportation of plaintiff Derrick Chapman in the unairconditioned, unventilated rear of a police van for an extended period of time on a hot May day deprived him of his right to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States.

70. Defendants Brian Martin, James Walsh, Zoltan Dobrossy and Vincent Tiernan were acting under color of state law when they placed plaintiff Derrick Chapman in the unairconditioned, unventilated rear of a police van on a hot May day and drove him around for an extended period of time while they made other arrests instead of transporting him directly to the 73rd Precinct.

71. Defendants Brian Martin, James Walsh, Zoltan Dobrossy and Vincent Tiernan deprived plaintiff Derrick Chapman of his rights to be secure in his person and to be free of unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing him in the unairconditioned, unventilated rear of a police van on a hot May day and driving him around for an

extended period of time while they made other arrests instead of transporting him directly to the 73rd Precinct.

72. As a result of being detained in the unairconditioned, unventilated rear of a police van, plaintiff Derrick Chapman suffered extreme physical discomfort and emotional distress.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

73. Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. The criminal charge brought by defendants Daniel Russell, Brian Martin and Angelo Cuozzo against plaintiff Derrick Chapman in the Criminal Court of the City of New York, County of Kings, was false.

75. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo instituted the criminal proceeding against plaintiff Derrick Chapman with knowledge that the charge was false.

76. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo instituted the criminal proceeding against plaintiff Derrick Chapman without probable cause to believe that plaintiff Derrick Chapman had committed the crime charged

77. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo were acting with malice when they commenced the criminal proceeding against plaintiff Derrick Chapman.

78. The criminal proceeding instituted by defendants Daniel Russell, Brian Martin and Angelo Cuozzo against plaintiff Derrick Chapman was terminated in plaintiff Derrick Chapman's favor.

79. As a result of the institution of a criminal proceeding by defendants Daniel Russell, Brian Martin and Angelo Cuozzo against plaintiff Derrick Chapman, the plaintiff was subjected to

mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

80. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo were acting under color of state law when they falsely informed an Assistant District Attorney in the office of the Kings County District Attorney that plaintiff Derrick Chapman was unlawfully in possession of Oxycodone.

81. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo were acting under color of state law when they withheld from the Assistant District Attorney in the office of the Kings County District Attorney the information that a prescription for Oxycodone which had been issued to the plaintiff had been produced at the 73rd Precinct.

82. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo were acting under color of state law when they commenced a criminal proceeding against plaintiff Derrick Chapman in the Criminal Court of the City of New York, County of Kings.

83. Defendants Daniel Russell, Brian Martin and Angelo Cuozzo deprived plaintiff Derrick Chapman of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Derrick Chapman on a false criminal charge.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

84. Plaintiff incorporates by reference paragraphs 1 through 83 of this Complaint as though the same were set forth fully herein.

85. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

86. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

87. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching individuals, without a basis to believe they had engaged, were engaging or were about to engage in criminal activity, in violation of the Fourth Amendment of the Constitution of the United States.

88. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching black individuals on the basis of their race in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

89. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decision of the Court dated August 12, 2013 in *Floyd v. The City of New York*, 08 Civ 1034, 2013 WL 4046209.

90. The adoption of a policy, practice and/or custom of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and to stop and search individuals on the basis of their race constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

91. The stop and search of plaintiff Derrick Chapman on May 30, 2013 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

93. Defendant The City of New York deprived plaintiff Derrick Chapman of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

94. Plaintiff incorporates by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Daniel Russell, Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan and Angelo Cuozzo are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

96. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

97. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

98. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

99. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Derrick Chapman would be violated.

100. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Derrick Chapman.

101. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

102. Defendant The City of New York deprived plaintiff Derrick Chapman of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the

Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest and prosecution of plaintiff Derrick Chapman on a false criminal charge on May 30, 2012.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

103. Plaintiff incorporates by reference paragraphs 1 through 102 of this Complaint as though the same were set forth fully herein.

104. Defendants Brian Martin, James Walsh and the City of New York committed an assault and battery on the person of plaintiff Derrick Chapman on May 30, 2012 by handcuffing him.

105. As a result of the foregoing, plaintiff Derrick Chapman experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW FALSE IMPRISONMENT

106. Plaintiff incorporates by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107. Defendants Brian Martin, James Walsh, Zoltan Dobrossy, Vincent Tiernan, Angelo Cuozzo and The City of New York falsely imprisoned plaintiff Derrick Chapman on May 30, 2012 by seizing, arresting and imprisoning him on a false criminal charge.

108. As a result of the foregoing, plaintiff Derrick Chapman was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINE
## COMMON LAW MALICIOUS PROSECUTION

109. Plaintiff incorporates by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. Defendants Daniel Russell, Brian Martin, Angelo Cuozzo and The City of New York maliciously prosecuted plaintiff Derrick Chapman by instituting a criminal proceeding against plaintiff Derrick Chapman in the Criminal Court of the City of New York, County of Kings, on a false criminal charge.

111. As a result of the criminal proceeding instituted by defendants Daniel Russell, Brian Martin, Angelo Cuozzo and The City of New York, plaintiff Derrick Chapman was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Derrick Chapman compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Derrick Chapman punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
January 21, 2014

                        MICHELSTEIN & ASSOCIATES, PLLC

                        By: _____
                            STEVEN MICHELSTEIN (SM3323)
                            Attorneys for Plaintiff
                            485 Madison Avenue
                            New York, New York 10022
                            (212) 588-0880